UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MAEVE LAVERTY, Individually and On Behalf of All
Others Similarly Situated,

                                         Plaintiff,

-against-

ALAN WASSER ASSOCIATES LLC, CREATURE
PRODUCTION COMPANY LLC, IMMERSION
EDUTAINMENT AMERICA, LLC and FADER HIGHER
MANAGEMENT LLC.

                                         Defendants.
----------------------------------------------------------------X

**COMPLAINT**

10 CV 1584 (RJS)

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**ECF CASE**

        Plaintiff Maeve Laverty ("Plaintiff"), on behalf of herself and all others similarly situated, by her attorneys, Lipman & Plesur, LLP, complains of Defendants Alan Wasser Associates LLC, Creature Production Company LLC, Immersion Edutainment America, LLC and Fader Higher Management LLC ("Defendants") as follows:

## PRELIMINARY STATEMENT

        1.     Plaintiff complains on behalf of herself and all current and former employees of Defendants who worked on the Walking with Dinosaurs Tour ("Tour") in the United States as crew members, including dinosaur drivers, carpenters, dressers, suit performers, puppeteers, stage hands, riggers, technicians, engineers/mechanics and workers in other similar positions who may elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) (hereinafter "Tour Crew"), that they are owed: (i) overtime premium pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter referred to as the "FLSA").

## JURISDICTION AND VENUE

2.      Plaintiff invokes the jurisdiction of this Court pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216.

3.      The venue of this action is proper because some of the events or omissions giving rise to the claims occurred within, and Defendants conduct business within, the Southern District of New York. Further, upon information and belief, the books and records evidencing the violations alleged herein are maintained within this District and managers responsible for Defendants' unlawful pay practices are based in this District.

## PARTIES

4.      Upon information and belief, Defendant Alan Wasser Associates LLC ("Defendant Wasser") is a limited liability company organized and subject to the laws of New York State.

5.      Upon information and belief, Defendant Creature Production Company LLC ("Defendant Creature") is a corporation headquartered in New York State.

6.      Upon information and belief, Defendants Wasser and Creature maintain corporate headquarters at 1650 Broadway, Suite 800, New York, NY 10019.

7.      Upon information and belief, Defendant Immersion Edutainment America, LLC ("Defendant Immersion") is a corporation headquartered in Arizona.

8.      Upon information and belief, Defendant Fader Higher Management LLC ("Defendant Fader") is a corporation headquartered in Arizona.

9.      At all times relevant, Defendants were covered by the FLSA.

10.     Defendants maintained a common policy and practice of, *inter alia*, not paying overtime premium pay for work in excess of forty (40) hours a week to Tour Crew.

11. At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. § 203(b).

12. At all relevant times, Defendants were Plaintiff's employer and the employer of those similarly situated workers who opt-in to this action within the meaning of the FLSA.

13. The named Plaintiff brings this action on behalf of herself as well as those who may opt-in to this action under the FLSA.

14. Plaintiff Maeve Laverty ("Plaintiff Laverty") is an adult individual residing in Indianapolis, Indiana. Plaintiff Laverty was employed by Defendants from in or about 2007 until in or about 2008.

## FACTS

15. Upon information and belief, Plaintiff and her similarly situated co-workers routinely worked more than forty (40) hours per week but were not paid the proper overtime premium pay.

16. Tour Crew worked 6 or 7 days a week. Plaintiff was regularly scheduled to work 7 days a week.

17. Tour Crew frequently worked in excess of 80 hours a week without any overtime premium pay.

18. Work for members of the Tour Crew included, but was not limited to: building sets, rehearsing, making repairs, pre-show inspecting, performing various tasks during performances and/or dismantling the set.

19. Additional work time was spent travelling, participating in meetings and being engaged to be waiting.

20. The Tour is one of the largest touring productions in North America.

21. Prior to on or about March 1, 2008, the employees working on the Tour were employed by Defendants Immersion and Fader as joint employers.

22. Prior to March 1, 2008, Defendant Fader was responsible for reporting wages to the taxing authorities.

23. Prior to March 1, 2008, Defendants Fader and Immersion jointly established labor policies for Tour Crew members and shared control of the Tour Crew.

24. Defendants Fader and Immersion operated as a single enterprise.

25. On or about March 1, 2008, Defendant Creature became the successor employer of the Tour employees.

26. Defendant Creature accepted assignment of employer status of all Tour Crew.

27. After Defendant Creature was assigned as the employer of the Tour employees, such employees were managed and controlled jointly by Defendants Creature and Wasser.

28. Upon information and belief, Defendants Creature and Wasser jointly managed employment records and established labor policies for the Tour Crew.

29. Defendants Wasser and Creature shared control of the Tour Crew.

30. Upon information and belief, under the supervision of Alan Wasser and Allan Williams, Defendant Wasser provided general management services to the Tour.

31. Defendant Creature co-managed the Tour under Defendant Wasser's supervision.

32. Defendants Wasser and Creature shared common ownership, labor

policies and managers.

33. Defendants Wasser and Creature were joint employers of the Tour Crew.

34. Defendants Wasser and Creature operated as a single enterprise.

35. Defendants Wasser and Creature, as successor employers of the Tour Crew adopted, condoned and continued the unlawful pay practices of Defendants Immersion and Fader.

36. On the grounds of equitable tolling, the statute of limitations for all claims asserted by Plaintiff and the putative class members should be tolled due to the failure to provide appropriate and required notice of the law.

## AS AND FOR A FIRST CAUSE OF ACTION

37. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 36 of this Complaint.

38. At all relevant times, Defendants were Plaintiff's employer and the employer of those similarly situated workers who opt-in to this action within the meaning of the FLSA, 29 U.S.C. § 203(d).

39. At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

40. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

41. Defendants failed to pay Plaintiff and those similarly situated workers who opt-in to this action overtime compensation at rates of one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

42. Defendants' failure to pay Plaintiff and those similarly situated workers who opt-in to this action overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

43. Plaintiff and those similarly situated workers who opt-in to this action have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those who opt-in to this action respectfully request that this Court grant the following relief:

A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

B. Direct Defendants to pay overtime premium pay to Plaintiff and those individuals who opt-into this action;

C. Awarding Plaintiff and those individuals who opt-into this action liquidated damages in an amount equal to the overtime compensation owed pursuant to 29 U.S.C. § 216(b).

D. Award Plaintiff and those individuals who opt-into this action pre-judgment interest;

E. Award Plaintiff and those individuals who opt-into this action the costs of this action together with reasonable attorneys' fees; and,

F. Grant such other and further relief as this Court deems necessary and proper including injunctive relief.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:    Jericho, New York
          February 23, 2010

                                        Respectfully submitted,

                                    By: _____
                                        Robert D. Lipman
                                        lipman@lipmanplesur.com
                                        David A. Robins
                                        robins@lipmanplesur.com
                                        Lipman & Plesur, LLP
                                        500 North Broadway, Suite 105
                                        Jericho, NY  11753-2131
                                        Telephone:  (516) 931-0050
                                        Facsimile:  (516) 931-0030